IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTWAN CROSBY,

                              **Plaintiff,**

      v.                                                    CASE NO. 18-3248-SAC

WYANDOTTE COUNTY, et al.,

                              **Defendants.**

## **MEMORANDUM AND ORDER TO SHOW CAUSE**

Plaintiff Antwan Crosby, a pretrial detainee at the Wyandotte County Detention Center (WCDC) in Kansas City, Kansas, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *in forma pauperis*. For the reasons discussed below, Plaintiff is ordered to show cause why his Complaint should not be dismissed.

### **I.  Nature of the Matter before the Court**

Plaintiff's Complaint (ECF No. 1) raises various claims about the conditions at WCDC. Mr. Crosby states inmates are served food on trays that have mold on them, ceiling vents are "unclean", and the showers are "unfit." Plaintiff also alleges staff members were not doing their jobs in connection with an inmate that died in August of 2018. Finally, Plaintiff complains that the canteen engages in false advertisement and collects taxes on items it sells, medical personnel charge $5.00 to see inmates, inmates can only mail one-page letters, and inmates are charged for soap when it should be given to them. Plaintiff names three defendants, Wyandotte County, the

1

sheriff, and the undersheriff. Mr. Crosby does not state what constitutional rights he believes have been violated. He seeks damages of $25 million.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of such entity to determine whether summary dismissal is appropriate. 28 U.S.C. § 1915A(a). Additionally, with any litigant, such as Plaintiff, who is proceeding in forma pauperis, the Court has a duty to screen the complaint to determine its sufficiency. *See* 28 U.S.C. § 1915(e)(2). Upon completion of this screening, the Court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106,

1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to

plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III. Discussion

### A. Exhaustion of Administrative Remedies

Under 42 U.S.C. § 1997e(a), "a prisoner must exhaust his administrative remedies prior to filing a lawsuit regarding prison conditions in federal court." *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010) (citations omitted). This exhaustion requirement "is mandatory, and the district court [is] not authorized to dispense with it." *Beaudry v. Corrections Corp. of Am.*, 331 F.3d 1164, 1167 n. 5 (10th Cir. 2003), *cert. denied*, 540 U.S. 1118 (2004); *Little*, 607 F.3d at 1249. A prison or prison system's regulations define the steps a prisoner must take to properly exhaust administrative remedies, and a prisoner "may only exhaust by following all of the steps laid out" therein. *Little*, 607 F.3d at 1249 (citing *Woodford v. Ngo*, 548 U.S. 81, 90 (2006)). An "inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under the PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002).

Plaintiff indicated on his Complaint that he has not sought administrative relief. (ECF No. 1, at 5.) He does attach to his Complaint what appears to be a grievance complaining about the dirty vents and "nasty shower heads," indicating he at least began the process of exhausting as to these two issues. However, beginning the grievance process does not mean he completed it.

The Court may dismiss sua sponte a prisoner complaint when it is clear on the face of the complaint that the prisoner has not exhausted administrative remedies. *See Aquilar–Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007). Accordingly, the Court finds that Plaintiff's Complaint is subject to dismissal without prejudice based on his failure to exhaust available

administrative remedies before filing this action.  *Accord, Otte v. Ash*, No. 18-3255-SAC, 2018 WL 4851607, at *2 (D. Kan. Oct. 5, 2018).

### B. Conditions of Confinement

The Court finds that even if Plaintiff did fully exhaust his administrative remedies as to his complaints about the showers and dirty vents, the conditions of which Plaintiff complains do not rise to the level of constitutional violations.  In the Tenth Circuit, a pretrial detainee's due process rights parallel that of an inmate's Eight Amendment rights.  *Lopez v. LeMaster,* 172 F.3d 756, 759 n. 2 (10th Cir. 1999) (citing *Bell v. Wolfish,* 441 U.S. 520, 535 n. 16 (1979)).  While the Eighth Amendment requires prison and jail officials to provide humane conditions of confinement guided by "contemporary standards of decency" (*Estelle v. Gamble*, 429 U.S. 97, 103 (1976)), the Constitution "'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation."  *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (citations omitted), *quoting Rhodes v. Chapman*, 452 U.S. 337, 347, 349 (1981).  Indeed, prison conditions may be "restrictive and even harsh."  *Rhodes*, 452 U.S. at 349.

Plaintiff has failed to demonstrate that he was subjected to cruel and unusual punishment.  He fails to provide any evidence of an objectively serious absence of humane conditions of confinement that pose a substantial risk of serious harm, or that these conditions were the product of deliberate indifference on the part of the jail's administrators.  *Wilson,* 501 U.S. 294, 303 (1991); *DeSpain v. Uphoff,* 264 F.3d 965, 973–74 (10th Cir. 2001).  *See also Simkins v. Saline Cty. Sheriff's Dep't*, No. 99-3283-KHV, 2000 WL 1146124, at *4–5 (D. Kan. July 20, 2000) (allegations of unsanitary food trays and molded bread do not amount to constitutional violations); *Murray v.*

5

*Edwards Cty. Sheriff's Dep't*, 453 F. Supp. 2d 1280, 1292 (D. Kan. 2006), *aff'd,* 248 F. App'x 993 (10th Cir. 2007).

### C. Standing

Plaintiff attempts to make a claim based on Defendants' alleged treatment of another inmate who died. Plaintiff lacks standing to raise such a claim. To have standing, a state prisoner must state "specific facts connecting the allegedly unconstitutional conditions with his own experiences [in the prison], or indicat[e] how the conditions caused him injury." *Swoboda v. Dubach,* 992 F.2d 286, 289 (10th Cir.1993). "[G]eneral observations" about prison conditions are not actionable under 42 U.S.C. § 1983. *Id.* at 289–90. Plaintiff's claim regarding the inmate who died is subject to dismissal.

### D. Compensatory Damages

Plaintiff seeks damages in the amount of $25 million. He does not allege he suffered any physical harm. Section 1997e(e) . . . provides in pertinent part:

> No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. § 1997e(e). Section 1997e(e) applies regardless of the nature of the underlying substantive violation asserted. *Searles v. Van Bebber*, 251 F.3d 869, 876 (10th Cir. 2001), *cert. denied*, 536 U.S. 904 (2002).

Because Plaintiff's Complaint does not allege any physical injury, Plaintiff may sue for nominal damages or injunctive relief but not compensatory damages. *Searles*, 251 F.3d at 879-81. Therefore, Plaintiff's claims should be dismissed under Fed. R. Civ. P. 12(b)(6) and 42 U.S.C. § 1997e(e) insofar as they seek compensatory damages.

**IV. Response Required**

For the reasons stated herein, Plaintiff's Complaint is subject to dismissal in its entirety. Plaintiff is therefore required to show good cause why his Complaint should not be dismissed for the reasons stated herein. Plaintiff is warned that his failure to file a timely response may result in the Complaint being dismissed without further notice.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **December 12, 2018**, in which to show good cause, in writing, why his Complaint should not be dismissed for the reasons stated herein.

**IT IS SO ORDERED.**

DATED: This 13th day of November, 2018, at Topeka, Kansas.

**s/ Sam A. Crow\_\_\_\_\_
SAM A. CROW
U.S. Senior District Judge**