IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ANTWAN CROSBY,

                              **Plaintiff,**

       v.                                              CASE NO. 18-3248-SAC

**WYANDOTTE COUNTY, et al.,**

                              **Defendants.**

## MEMORANDUM AND ORDER

This matter is a civil rights action filed under 42 U.S.C. § 1983. Plaintiff is a pretrial detainee and raises various claims related to the conditions of confinement at the Wyandotte County Detention Center (WCDC) in Kansas City, Kansas. Mr. Crosby alleged inmates were served food on trays that had mold on them, ceiling vents were "unclean", and the showers were "unfit." Plaintiff also alleged staff members were not doing their jobs in connection with an inmate that died in August of 2018. Finally, Plaintiff complained that the canteen engages in false advertisement and collects taxes on items it sells, medical personnel charge $5.00 to see inmates, inmates can only mail one-page letters, and inmates are charged for soap when it should be given to them. Plaintiff seeks damages of $8 million.

On November 13, 2018, the Court entered a Memorandum and Order to Show Cause (ECF No. 10)("MOSC") ordering Plaintiff to show cause by December 12, 2018, why this matter should not be dismissed due to the deficiencies set forth. Plaintiff filed two requests for extensions of time to respond to the MOSC, which were granted. The revised deadline for a response was

February 23, 2019.  *See* ECF No. 18.  Plaintiff has not responded to the MOSC.  The MOSC stated that if Plaintiff failed within the time allotted to file a response, this action could be dismissed without further notice.  ECF No. 10 at 7.

As explained in the MOSC, Mr. Crosby's Complaint is subject to dismissal for a number of reasons.  First, it is clear from face of the Complaint that Plaintiff did not exhaust his administrative remedies prior to filing this action as required by 42 U.S.C. § 1997e(a).  Accordingly, Plaintiff's Complaint is subject to dismissal without prejudice for failure to exhaust.  *See Aquilar–Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007).  Second, the conditions of which Plaintiff complains do not rise to the level of constitutional violations.  *See Wilson v. Seiter*, 501 U.S. 294, 298, 303 (1991).  Third, Plaintiff lacks standing to make a claim based on Defendants' alleged treatment of another inmate who died.  *See Swoboda v. Dubach,* 992 F.2d 286, 289-90 (10th Cir. 1993).  Finally, because Plaintiff's Complaint does not allege any physical injury, Plaintiff may sue for nominal damages or injunctive relief but not compensatory damages.  *See Searles v. Van Bebber*, 251 F.3d 869, 876, 879-81 (10th Cir. 2001), *cert. denied*, 536 U.S. 904 (2002).  Therefore, Plaintiff's claims must be dismissed under Fed. R. Civ. P. 12(b)(6) and 42 U.S.C. § 1997e(e) insofar as they seek compensatory damages.

For these reasons, all of Plaintiff's claims are dismissed.

**IT IS THEREFORE ORDERED** that this action is dismissed without prejudice for the reasons stated herein.

**IT IS SO ORDERED.**

DATED:  This 1st day of March, 2019, at Topeka, Kansas.

s/ Sam A. Crow
**SAM A. CROW**
**U.S. Senior District Judge**